PETE J. AND CHRIS J. CHRIS v. S. BRUCE AND CAROLE E. HILL

No. 7921SC472

(Filed 19 February 1980)

**Judgments § 25.3; Rules of Civil Procedure § 60.2; Trial § 1— trial in absence of defendants—notice of trial—failure to appear not excusable**

Defendants' failure to appear for trial before a jury was not excusable, and the trial judge did not abuse his discretion in the denial of defendants' Rule 60(b)(1) motion to set aside the judgment entered against them in their absence, where defendants' counsel received notice that the case would be heard that session by a tentative trial calendar and by a final trial calendar which indicated that jurors should report at 9:30 a.m. on 23 January and that defendants' case was fourth on the calendar; defendants' counsel did not appear for the calendar call on Monday, 22 January as the calendar indicated he was expected to do, and defendants' case was moved to first on the calendar; defendants' counsel did not call either the court or plaintiff's counsel on Monday to determine where his case had finally been placed on the calendar for trial; and defendants and their counsel did not appear when the case was called for trial on 23 January. However, common courtesy and decency required plaintiff's counsel after the calendar call to notify defendants' counsel, who lived over 200 miles away, that the case had been moved to first on the calendar, and the action of the trial judge in failing to make any attempt to determine the whereabouts of defendants and their counsel when the case was called for trial is disapproved although it did not constitute an abuse of discretion.

APPEAL by defendants from *Washington, Judge.* Judgment entered 23 January 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 January 1980.

Plaintiffs allege that they own certain property in Chapel Hill which on 15 July 1975 they leased to defendants to operate as a restaurant. The lease was for a five-year term at $3,000 per month. Plaintiffs allege that defendants have failed to make rental payments under the lease, and that they are indebted to plaintiffs in the amount of $3,000 per month from 1 January 1976 through the end of the lease on 1 June 1980. At the time the complaint was filed, 11 April 1978, plaintiffs alleged that their damages were "in excess of" $15,000.

Defendants sought a change of venue to Orange County, which was denied for defendants' failure to timely place their motion on the motion calendar. Defendants answered and counter-

claimed for $110,000 damages for alleged violations of the lease by plaintiffs' "son, agent, or employee."

When the case came on for trial on 23 January 1979, the following occurred:

THE COURT: Is Mr. Thomas Jones [defendants' attorney] here?

MR. PFEFFERKORN: I don't think so, Your Honor, although I have never seen him.

THE COURT: Is either S. Bruce Hill or Carole Hill here?

MR. PFEFFERKORN: No, Your Honor.

The Court then proceeded with jury selection, asking some questions of the prospective jurors himself "to be sure that a fair trial is afforded to persons, even though they may not be here." The court excused one juror because he was acquainted with the plaintiffs. After the jury was impaneled, defendants were "called out" by the Deputy Sheriff, and when they failed to appear, their counterclaim was dismissed.

Plaintiff Pete J. Chris then testified, and a number of questions were asked him by the court. He testified that to that date he had been damaged in the amount of $66,000, "the difference between the amounts that I got for rent [in mitigation of damages] and what the lease called for on a monthly basis." The trial court then charged the jury, giving what he called the "logical and natural contentions of the defendants."

At 11:33 a.m. the jury retired. At 11:35 a.m. the Deputy Clerk approached the bench with the information that the secretary to defendants' attorney had just called to inquire when the case would be tried. At 12:07 p.m. the jury returned a verdict that defendants had failed to pay rent and were indebted to plaintiffs in the amount of $66,000.

The trial court noted in the judgment that defendants' counsel had been notified that the case would be heard during that session of court by a tentative trial calendar mailed 3 January 1979 and a final trial calendar mailed 17 January 1979, and that defendants had failed to appear at the call of the calendar on 22 January or for trial on 23 January, and entered a judg-

ment of $66,000 in plaintiffs' favor. The next day, defendants' counsel moved under Rule 50 for a judgment notwithstanding the verdict or a new trial and under Rule 60 for a new trial on the basis of mistake, inadvertence, surprise and excusable neglect.

At the hearing on the motion, the parties argued substantially as follows: On 18 January defendants' counsel received the final trial calendar, which indicated that jurors should report at 9:30 a.m. on 23 January, and that four cases were calendared ahead of the instant case. As a result of his experience as a trial lawyer, he did not expect the case to be reached on the same day that jurors were to appear. Also on 18 January defendants' counsel received from plaintiffs' counsel a letter which stated that the case "is presently the fourth case on the trial calendar for the week of January 22, 1979, and therefore there is substantial likelihood that it will be reached sometime during that week."

Plaintiffs' counsel argued that defendants' counsel had three notices that his case was fourth on the calendar for the week of the 22nd—the tentative and final trial calendars and the letter from plaintiffs' counsel. Defendants' counsel never asked him or the court for any additional information about the status of the case. Defendants' counsel did not appear for the calendar call on Monday, 22 January, as the calendar indicated he was expected to do, and he did not call either plaintiffs' counsel or the court at any time on Monday to determine where his case finally had been placed on the calendar.

The trial court denied defendants' motion, and defendants appeal from the denial of this motion and from the judgment entered against them.

*William G. Pfefferkorn and David C. Pishko for plaintiff appellees.*

*Satisky and Silverstein, by John M. Silverstein, for defendant appellants.*

ARNOLD, Judge.

Defendants argue that the trial court denied them their due process and other constitutional rights by proceeding with the trial in their absence. Essentially, defendants argue that because they and their counsel live two hundred miles away from the site

of the trial, "common courtesy and decency" required that plaintiff's counsel notify them after the calendar call that the case had been moved to first on the calendar, and that the trial court abused his discretion by proceeding to trial without making any attempt to determine their whereabouts.

We agree with defendants that, under the circumstances, common courtesy and decency required more than plaintiffs' counsel did. A telephone call after the calendar call on Monday to opposing counsel two hundred miles away would not have been a heavy burden upon plaintiffs' counsel. Moreover, we cannot agree with the argument by plaintiffs' counsel that such an act of courtesy on his part would in any respect "compromise his role as an advocate."

As noted in *Pepper v. Clegg*, 132 N.C. 312, 315, 43 S.E. 906, 907 (1903), however, "[I]n all cases . . . counsel and their clients are sole judges of what should be done as a matter of courtesy. The courts administer only legal rights." While we may find counsel's conduct less than exemplary, and his attitude disappointing, there is no indication that plaintiffs' counsel did anything to mislead defendants, or failed to fulfill any promise to defendants' counsel to notify him of changes in the calendar.

Situations and emergencies may arise (illnesses, accidents, acts of God) which excuse court appearances by parties or counsel. A reasonable effort by the trial court, such as a telephone call to the attorney of record, to determine the absent party's whereabouts might prevent the necessity of a new trial. Furthermore, such courtesy and consideration of counsel by the trial court helps to remove any appearance of favoritism by the court.

In the matter before us, we disapprove of the trial judge's failure to make any attempt to determine defendants' or their counsel's whereabouts when the case was called for trial. However, we cannot find that he abused his discretion in failing to do so. It has been stated often that a party to a lawsuit must give it the attention a prudent man gives to his important business. *Pepper v. Clegg, supra; City of Durham v. Keen*, 40 N.C. App. 652, 253 S.E. 2d 585, *cert. denied* and *app. dism.* 297 N.C. 608, 257 S.E. 2d 217 (1979). Defendants in this case received adequate notice, and the evidence supports the court's finding

that their failure to appear for trial was not excusable. See G.S. 1A-1, Rule 60(b)(1). We find no abuse of discretion in the denial of defendants' motion.

Defendants proceed to argue a number of purported errors in the conduct of the trial, but as plaintiffs point out, the majority of these alleged errors are not reviewable upon appeal because they were not objected to at trial. Rule 10(a) and (b)(1), Rules of Appellate Procedure. And we do not find that the trial court expressed an opinion on the merits of the case, violating G.S. 1A-1, Rule 51(a). We find no error prejudicial to defendants in the conduct of the trial. The judgment is

Affirmed.

Judges PARKER and WEBB concur.