IN THE MATTER OF: CERTAIN TOBACCO OWNED BY R. J. REYNOLDS TOBACCO COMPANY

No. 8010PTC682

(Filed 2 June 1981)

1. Taxation § 25.10— ad valorem taxation—appeal to Property Tax Commission —notice of appeal by tax supervisor and county attorney

Notice of appeal of a decision of a County Board of Equalization and Review to the State Property Tax Commission was properly given by the county tax supervisor and the assistant county attorney where the county had

previously adopted a resolution authorizing the tax supervisor and the county attorney to file appeals from decisions of the County Board of Equalization and Review. G.S. 105-324.

**2. Taxation § 19.1 — tobacco not held for shipment to foreign country — no exemption from taxation**

Raw tobacco was not exempt from taxation as being held or stored for shipment to a foreign country within the meaning of G.S. 105-275(1) where the tobacco was to be manufactured into cigarettes and other tobacco products, and the cigarettes and other products would be shipped to a foreign country; rather, the tobacco was held or stored for processing or manufacture and was taxable at the preferential rate of sixty percent of value under G.S. 105-277(a).

APPEAL by R. J. Reynolds Tobacco Company from the North Carolina Property Tax Commission. Final decision entered 24 March 1980. Heard in the Court of Appeals 30 March 1981.

In its business personal property tax listing for 1979, R. J. Reynolds Tobacco Company (hereinafter Reynolds) sought exemption from taxation by Forsyth County of property valued at approximately 14.5 million dollars. The requests for exemption were made pursuant to N.C.G.S. 105-275(1), which exempts from taxation tobacco held or stored for shipment to any foreign country, with certain exceptions. Reynolds determined the dollar value of the tobacco it sought to exempt by applying a percentage of foreign sales in relation to its total sales from the preceding calendar year. The tobacco was not physically separated.

Approximately 5.2 million dollars in value of finished goods, wrapping material and casing material could not be marketed in the United States because of wrapping covers and labels that did not conform to the domestic market, and were awaiting shipment to a foreign country. A total exemption was granted for this property on 2 August 1979.

On the same date, the tax supervisor of Forsyth County denied the request for exemption under N.C.G.S. 105-275(1) for the approximately nine million dollars in value of raw tobacco stored by Reynolds because it was not being "held or stored for shipment to a foreign country." The tax supervisor did apply the sixty percent rate to this property pursuant to N.C.G.S. 105-277(a). Reynolds appealed to the Forsyth County Board of Equalization and Review.

The Board held that the raw tobacco was exempt under N.C. G.S. 105-275(1), and the cause was appealed to the Property Tax

Commission. The notice of appeal was signed by W. Harvey Pardue, Forsyth County Tax Supervisor, and Jonathan V. Maxwell, Assistant County Attorney for Forsyth County.

Reynolds moved to dismiss the appeal on the grounds that neither Pardue nor Maxwell had lawful authority to sign the notice of appeal. The commission denied this motion and, after hearing, entered a decision holding that the subject tobacco was not "held or stored for shipment to a foreign country" and was not exempt from taxation under the provisions of N.C.G.S. 105-275(1). The commission further ordered that the tobacco was subject to tax at the sixty percent rate as provided in N.C.G.S. 105-277(a). From this decision, Reynolds appeals.

*Hudson, Petree, Stockton, Stockton & Robinson, by W. F. Maready and Grover G. Wilson, for appellant.*

*P. Eugene Price, Jr. County Attorney, and Jonathan V. Maxwell, Assistant County Attorney, for appellee.*

MARTIN (Harry C.), Judge.

[1]   First, Reynolds contends that the Property Tax Commission should have dismissed the appeal. Reynolds argues that the right to appeal is controlled by N.C.G.S. 105-324(b) and that neither the tax supervisor nor the assistant county attorney has the authority to give notice of appeal under the statute. Pertinent parts of the statute are:

§ 105-324. *Appeals to Property Tax Commission from listing and valuation decisions of boards of equalization and review* . . .

(b) Any property owner of a county or member of the board of county commissioners or board of equalization and review may except to an order of the board of equalization and review entered under the provisions of G.S. . . . . 105-312 and appeal therefrom to the Property Tax Commission. . . .

Reynolds argues that giving notice of appeal by the county is a legislative function and is not delegable by the county. The giving of notice of appeal is not such a governmental act that prevents the county from delegating this authority to its officers and employees. The statute specifically allows a private citizen to give

notice of appeal. *See Student Bar Association v. Byrd*, 293 N.C. 594, 239 S.E. 2d 415 (1977). The county had previously duly adopted a resolution authorizing the tax supervisor and the county attorney to file appeals from decisions of the Forsyth County Board of Equalization and Review. We find no improper delegation of authority by the county.

Moreover, there is a presumption in North Carolina in favor of an attorney's authority to act for the client he professes to represent. *Bank v. Penland*, 206 N.C. 323, 173 S.E. 345 (1934); *Greenhill v. Crabtree*, 45 N.C. App. 49, 262 S.E. 2d 315, *aff'd per curiam by an equally divided court*, 301 N.C. 520 (1980). This presumption applies to both procedural and substantive aspects of a case. *Gardiner v. May*, 172 N.C. 192, 89 S.E. 955 (1916). It also applies to attorneys representing municipalities. *Bath v. Norman*, 226 N.C. 502, 39 S.E. 2d 363 (1946). One who challenges the actions of an attorney as being unauthorized has the burden of rebutting this presumption. *Howard v. Boyce*, 254 N.C. 255, 118 S.E. 2d 897 (1961). Reynolds has failed to so do. All the evidence from the whole record supports the finding that counsel had authority to enter the notice of appeal on behalf of the county. The assignment of error is overruled.

[2] Next, Reynolds contends that tobacco in any form held or stored for shipment to a foreign country is exempt from taxation by virtue of N.C.G.S. 105-275(1). We do not find this to be the question before the Court. Rather, the question for our determination is whether the Property Tax Commission properly denied Reynolds's petition for exemption from taxation of a certain value of tobacco. This provision of the statute provides an exemption from taxation and is strictly construed against the taxpayer and in favor of the state. *In re Clayton-Marcus Co.*, 286 N.C. 215, 210 S.E. 2d 199 (1974). Words of the statute must be given their common and ordinary meaning, nothing else appearing. *Id.* In the construction of a statute, the primary rule is that the intent of the legislature controls. *Pipeline Co. v. Clayton, Comr. of Revenue*, 275 N.C. 215, 166 S.E. 2d 671 (1969). Where the language of a statute is clear and unambiguous, its plain and definite meaning controls, and judicial construction is not necessary. *Davis v. Granite Corporation*, 259 N.C. 672, 131 S.E. 2d 335 (1963). If the language is ambiguous and the meaning in doubt, judicial interpretation is required to determine the

In re Certain Tobacco

legislative intent. *Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E. 2d 797 (1948). The pertinent language of N.C.G.S. 105-275(1) is clear and unambiguous. It reads: "tobacco . . . held or stored for shipment to any foreign country . . . shall not be assessed or taxed." None of these words require construction. *See Davis, supra.*

Upon considering the record as a whole, as we are required to do under N.C.G.S. 105-345.2(b)(5), we hold that the conclusions and decision of the Property Tax Commission are supported by competent, material, and substantial evidence and must be sustained.

All the evidence shows that the tobacco in question was held and stored for processing and manufacture. James W. McGrath, director of domestic tax law and assistant secretary of Reynolds, testified:

I am perfectly willing to state now, the part of the tobacco that we are talking about and upon which exemption was claimed will be processed and manufactured into cigarettes and other tobacco products in Forsyth County, North Carolina.

. . . .

Q. And then shipped to a foreign country in that form, is that correct?

A. That is correct, sir.

Tobacco that is being held or stored to be manufactured or processed is taxed pursuant to N.C.G.S. 105-277(a), where it is given a preferential rate of sixty percent of value for tax purposes. The legislature plainly intended to establish two classes of property: (1) under 105-275(1), if tobacco is held or stored for shipment to any foreign country, it is exempt; and (2) under 105-277(a), if tobacco (or other farm products) is held or stored for manufacture or processing, it is taxed at the preferential rate. Quite obviously, the same property could not be in both classes at the same time.[1] Where statutes are related, as here, they should be

---

1. Whether the two statutes could be applied to the same tobacco at different times is a question not before us at this time.

construed to give effect to each of them, if possible. It is the duty of courts to harmonize statutes with other statutory provisions. *In re Assessment of Sales Tax*, 259 N.C. 589, 131 S.E. 2d 441 (1963).

Reynolds relies upon *In re Appeal of Martin*, 286 N.C. 66, 209 S.E. 2d 766 (1974). We find that case readily distinguishable and not controlling. *Martin* involved property that never left its packages, was not processed or changed in form, and was only being held for transshipment under then N.C.G.S. 105-281 (repealed 1974). The principal question determined in *Martin* was whether the exemption applied to goods in a public warehouse for the purpose of transshipment, regardless of the length of time the goods were in the warehouse. The Court held the length of time the goods were in the warehouse was immaterial.

On the other hand, we find *In re Forsyth County*, 285 N.C. 64, 203 S.E. 2d 51 (1974), impels us to the decision we reach. In that case Reynolds petitioned that tobacco which had been transferred from its storage area and was being held for the purpose of processing or manufacturing into tobacco products, be taxed at the preferential rate under N.C.G.S. 105-277(a). The county argued that when the tobacco was removed from storage and entered the manufacturing process, it was no longer an agricultural product. The Court noted the many steps of processing tobacco, and held: "It is still tobacco and still an agricultural product until it comes out of the cigarette machine in a sealed package with the Internal Revenue stamp affixed." The Court affirmed the superior court's conclusion that the tobacco was entitled to be taxed under N.C.G.S. 105-277(a). The clear import of *Appeal of Forsyth County* is that tobacco is an agricultural product under N.C.G.S. 105-277(a) until it is manufactured into the finished product.

The evidence here is that all the tobacco in this case was to be processed or manufactured into finished tobacco products. We hold it was not being held or stored for shipment to any foreign country within the meaning of N.C.G.S. 105-275(1). It was being held or stored for the purpose of processing or manufacture, and taxable pursuant to N.C.G.S. 105-277(a).

The decision of the Property Tax Commission is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.