WACHOVIA BANK & TRUST COMPANY, N.A. v. TEMPLETON OLDSMOBILE-
    CADILLAC-PONTIAC, INC. (FORMERLY TEMPLETON OLDSMOBILE-
    CADILLAC, INC., D/B/A TEMPLETON DODGE

No. 9121SC946

(Filed 16 March 1993)

**1. Trial § 3.2 (NCI3d) — absence of lead counsel from trial — co-
counsel unprepared — denial of continuance**

The trial court did not abuse its discretion in denying
defendant's motions for a continuance when defendant's lead
counsel failed to appear for trial where the lead counsel and
co-counsel appeared at the calendar call on Monday; the trial
court advised counsel that the case was subject to call for
trial at any time during the session of court; after calendar
call, defendant's lead counsel was advised that the case was
likely to be reached during the week; on Tuesday the deputy
clerk left messages for the lead counsel that the case would

be tried at 2:00 p.m. that day and was informed that such counsel was in another county and would not return until late that day; the co-counsel moved for a continuance at the pretrial conference and renewed the motion at the beginning of the summary judgment hearing; after the trial court granted partial summary judgment for plaintiff and plaintiff presented evidence on damages, co-counsel asked for a continuance as to defendant's counterclaim on the ground that he was unable to go forward with evidence; there is nothing in the record to indicate that lead counsel requested to be excused in advance by the judge scheduled to hear the case or that he gave prior notice to plaintiff that he would not be prepared to try the case as calendared; and there is nothing in the record to indicate that defendant did not receive notice of the hearing. Rule 2(e), General Rules of Practice for the Superior and District Courts.

**Am Jur 2d, Continuance § 24.**

2. **Attorneys at Law § 38 (NCI4th)— attorney's absence from trial—no withdrawal**

The failure of defendant's lead counsel to appear for the trial did not constitute a withdrawal from the case so as to require the trial court to allow a continuance where such counsel continued to represent defendant and filed a motion on defendant's behalf to set aside the judgment.

**Am Jur 2d, Attorneys at Law §§ 168-177.**

**Legal malpractice in connection with attorney's withdrawal as counsel. 6 ALR4th 342.**

**Rights and duties of attorney in a criminal prosecution where client informs him of intention to present perjured testimony. 64 ALR3d 385.**

3. **Rules of Civil Procedure § 56.4 (NCI3d)— absence of defendant's counsel from hearing—summary judgment for plaintiff not improper**

The failure of defendant's lead counsel to appear at a summary judgment hearing did not affect the propriety of the summary judgment entered for plaintiff where defendant failed to respond to plaintiff's summary judgment motion or to present any materials opposing the motion, defendant's

answer was not verified, plaintiff presented materials in support of the motion, and plaintiff was entitled to judgment as a matter of law.

**Am Jur 2d, Summary Judgment § 20.**

4. **Jury § 12 (NCI4th)— waiver of jury trial—presumption of attorney's authority—failure to rebut**

Defendant failed to rebut the presumption that his co-counsel had authority to waive a jury trial on the issue of damages where co-counsel's waiver of a jury trial was not cited as error in defendant's motion to set aside the judgment, and counsel failed to move to amend the record on appeal to include affidavits indicating that defendant desired a jury trial and did not consent to the waiver.

**Am Jur 2d, Jury §§ 61 et seq.**

Appeal by defendant from order and judgment entered *nunc pro tunc* 26 February 1991 by Judge Judson D. DeRamus, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 13· October 1992.

*Davis & Harwell, P.A., by Fred R. Harwell, Jr., for plaintiff appellee.*

*Herman L. Stephens and Howard C. Jones, II, for defendant appellant.*

COZORT, Judge.

On 13 February 1990 plaintiff filed a complaint alleging breach of contract. Defendant answered denying the essential allegations of the complaint and filed a counterclaim also alleging breach of contract. On 14 February 1991 plaintiff moved for summary judgment. Defendant did not respond.

The case was calendared for 25 February 1991. John Hall, attorney of record for defendant, appeared at calendar call with attorney Richard Badgett. At that time, Mr. Hall informed the court that he had not received transcripts of previously taken depositions. The trial court advised the attorneys that the case was subject to call for trial at any time during the session of the court. After calendar call, the deputy clerk telephoned Mr. Hall's office to advise him that the matter was likely to be reached during

the week. On Tuesday, 26 February 1991, Mr. Badgett gave written notice that he was attorney of record for defendant as co-counsel with Mr. Hall. That morning the deputy clerk again called Mr. Hall's office and left a message that the case would be called for trial at 2:00 p.m. that day. The deputy clerk was informed that Mr. Hall was in another county. At 1:45 p.m. the deputy clerk made a second telephone call to Mr. Hall's office and was informed again that Mr. Hall was in another county and would not return until late that day.

Mr. Badgett appeared at the pre-trial conference and moved for a continuance. The trial court denied the motion. Mr. Badgett renewed the motion at the beginning of the summary judgment hearing. The following exchange occurred between the court and counsel:

THE COURT: Mr. Hall was here at calendar call on Monday.

MR. BADGETT: Yes, he was.

THE COURT: And the Court has notified his office, isn't that right Mr. Moore —

THE CLERK: Yes, sir.

THE COURT: —this morning and told him that we're—

MR. BADGETT: All right, sir.

THE COURT: —we're ready to try and ready to be tried, to come on down. The motion to continue is denied.

The superior court granted partial summary judgment to plaintiff as to defendant's contract liability. After plaintiff presented evidence on damages, Mr. Badgett stated that he could not go forward with evidence and asked for a continuance as to the counterclaim. The trial court responded:

The motion to continue is denied. This matter has been on the calendar approximately seven weeks with no motions to continue before today or yesterday, I guess I should say, no reason adequate cause shown for a continuance. In the Court's discretion it's denied.

The trial court entered an order awarding plaintiff damages totaling $386,701.78, denying plaintiff's motion for attorneys' fees, and

granting plaintiff's motion for directed verdict on defendant's counterclaim. Defendant appeals.

[1] On appeal, defendant argues that the superior court erred in (1) denying defendant's motions to continue, and (2) granting partial summary judgment to plaintiff. We affirm.

N.C. Gen. Stat. § 1A-1, Rule 40(b) (1990) provides that "[n]o continuance shall be granted except upon application to the court. A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require." In *Shankle v. Shankle*, 289 N.C. 473, 483, 223 S.E.2d 380, 386 (1976) (quoting 17 C.J.S. *Continuances* § 97 (1963)), the North Carolina Supreme Court set forth the standards the trial court must consider in ruling on a motion to continue:

> In passing on the motion the trial court must pass on the grounds urged in support of it, and also on the question whether the moving party has acted with diligence and in good faith. In reaching its conclusion the court should consider all the facts in evidence, and not act on its own mental impression or facts outside the record, although . . . it may take into consideration facts within its judicial knowledge. . . . The motion should be granted where nothing in the record controverts a sufficient showing made by the moving party, but since motions for continuance are generally addressed to the sound discretion of the trial court . . . a denial of the motion is not an abuse of discretion where the evidence introduced on the motion for a continuance is conflicting or insufficient. . . . The chief consideration to be weighed in passing upon the application is whether the grant or denial of a continuance will be in furtherance of substantial justice.

Specifically, defendant argues that the superior court erred in denying the motions by (1) not considering whether defendant acted with diligence and good faith in requesting the continuance, (2) not inquiring as to the presence of defendant's representative in the courtroom, and (3) not treating counsel's failure to appear as a withdrawal from the case. We disagree.

The General Rules of Practice for the Superior and District Courts, Rule 2(e) (1992) provides that

> [w]hen an attorney is notified to appear for the setting of a calendar, pretrial conference, hearing of a motion or for

> trial, he must, consistent with ethical requirements, appear or have a partner, associate or another attorney familiar with the case present. Unless an attorney has been excused in advance by the judge before whom the matter is scheduled and has given prior notice to his opponent, a case will not be continued.

(Emphasis added). Although Mr. Hall indicated at calendar call that he had not yet received transcripts from previously taken depositions, there is nothing in the record to indicate that Mr. Hall requested to be excused in advance by the judge scheduled to hear the case or that he gave prior notice to plaintiffs that he would not be prepared to try the case as calendared. Mr. Badgett, co-counsel of record, appeared on behalf of defendant and moved for a continuance solely on the grounds that he was not prepared to try the case. Under Rule 2(e) Mr. Badgett was not entitled to a continuance.

In *Chris v. Hill*, 45 N.C. App. 287, 262 S.E.2d 716, *disc. review denied*, 300 N.C. 371, 267 S.E.2d 674 (1980), this Court addressed a similar factual situation on appeal from the denial of a Rule 60 motion for a new trial. There, plaintiffs filed a breach of contract action. On 18 January, defendants' counsel received a final trial calendar which indicated that jurors were to report on 23 January and that defendants' case was the fifth case calendared. Also on 18 January defendants' counsel received a letter from plaintiffs' counsel indicating that the case was the fourth case scheduled and there was a substantial likelihood the case would be heard during the 22 January session of the court. Based upon his experience as a trial attorney, defendants' counsel concluded that the case would not be heard on the same day that jurors were ordered to appear. Defendants' counsel failed to appear for calendar call. Both defendants' counsel and defendants failed to appear for the trial. After inquiring if either counsel or defendants were present, the trial court proceeded to select the jury, called for defendants to present evidence, and dismissed the counterclaim when defendants failed to appear. Plaintiffs then presented evidence, and the jury returned a verdict in plaintiffs' favor.

On appeal from the trial court's denial of a motion for a new trial, this Court disapproved of the trial court's failure to make any attempts to determine the reason for the absence of defendants and their counsel; however, we concluded that the trial court did

not abuse its discretion in failing to do so. Since "a party to a lawsuit must give it the attention a prudent man gives to his important business," *id.* at 290, 262 S.E.2d at 718, and defendants received adequate notice, this Court concluded that the evidence supported the trial court's conclusion that defendants' failure to appear for trial was not excusable. *Id.* at 290-91, 262 S.E.2d at 719.

Similarly, in the case now before us, we do not find the trial court abused its discretion in denying the motion to continue. The record is clear that Mr. Hall had notice that the case was calendared for the 25 February session of court and was likely to be reached during that week. The deputy clerk attempted to reach Mr. Hall on 26 February and left a message that the case would be called. Mr. Hall did not appear. Although not inquiring as to Mr. Hall's whereabouts, the trial court did inquire whether Mr. Hall had notice of the trial. As to the presence of defendant's representative, there is nothing in the record to indicate that defendant did not receive notice of the hearing. In fact, it is admitted that defendant's president was "on stand-by" in Florida. We find the evidence before the trial court was sufficient to support a finding that the moving party did not act with diligence and good faith and failed to show good cause in requesting the continuance.

[2]  Defendant further contends that the trial court had no discretion to deny the continuance because Mr. Hall's absence was tantamount to a withdrawal from the case. The record indicates that Mr. Hall did not withdraw as counsel for defendant. After the hearing, Mr. Hall continued to represent defendant and later filed a motion to set aside the judgment on behalf of defendant. We note also that defendant was represented by counsel of record during the proceedings. We find defendant's argument to be without merit.

[3]  We also find that Mr. Hall's absence had little effect on the summary judgment issue. Plaintiff filed a motion for summary judgment on 14 February 1991. Defendant did not respond to the motion and presented no affidavits or depositions in opposition to the motion. Defendant's answer and counterclaim were not verified. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a

matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). If a moving party presents materials in support of the motion, the opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990). Since defendant failed to respond to plaintiff's motion or present any materials opposing the motion to the trial court, and plaintiff is entitled to judgment as a matter of law, summary judgment was properly entered for plaintiff. Mr. Hall's absence does not appear to have had any effect on the propriety of summary judgment.

[4] Finally, defendant argues that the trial court erred in waiving defendant's right to a jury trial on the damages issue since Mr. Badgett was unfamiliar with the case and obviously had not sought the consent of his client to waive the jury trial. N.C. Gen. Stat. § 1A-1, Rule 38(d) (1990) provides that "[a] demand for trial by jury . . . may not be withdrawn without the consent of the parties who have pleaded or otherwise appear in the action." Although Rule 38 requires the consent of the *parties*, "there is a presumption that an attorney has authority to act for his client and one challenging the attorney's actions as being unauthorized has the burden of rebutting the presumption." *Gillikin v. Pierce*, 98 N.C. App. 484, 488, 391 S.E.2d 198, 200, *disc. review denied*, 327 N.C. 427, 395 S.E.2d 677 (1990) (citations omitted). "This presumption applies to both procedural and substantive aspects of a case." *Matter of R. J. Reynolds Tobacco Co.*, 52 N.C. App. 299, 302, 278 S.E.2d 575, 577 (1981). The presumption is reflected in N.C. Gen. Stat. § 1A-1, Rule 39(a)(1) (1990) which permits "parties who have pleaded or otherwise appeared in the action *or their attorneys of record . . . by an oral stipulation made in open court and entered in the minutes*, [to] consent to trial by the court sitting without a jury . . . ." (Emphasis added.) In the present case, when defendant filed a motion to set aside the judgment, counsel failed to cite Mr. Badgett's waiver of jury trial as error. Counsel also failed to move to amend the record on appeal to include affidavits indicating that defendant desired a jury trial and did not consent to the waiver. Accordingly, we find that defendant has not presented any evidence to rebut the presumption that Mr. Badgett was authorized to waive the jury trial.

We have reviewed defendant's remaining assignments of error and find them to be without merit.

The judgment below is

Affirmed.

Judges JOHNSON and LEWIS concur.