JOSEPH OLIVER MORIN, PLAINTIFF-APPELLEE v. DAVID CHARLES SHARP, U.S. TRANSPORT, INC. AND LEGION INSURANCE COMPANY, DEFENDANTS-APPELLANTS

No. COA00-343

(Filed 19 June 2001)

1. Parties— motor vehicle accident—truck owner and driver not available—intervention by insurance company

The trial court did not err by granting plaintiff's motion to allow an insurance company to intervene where the insureds, the owner of a tractor-trailer and the driver, could not be located by the attorney retained by the insurance company. Although an attorney may not represent a client without the client's permission, Rule 24 of the Rules of Civil Procedure provides a means by which an interested party may intervene to protect its interest.

**2. Trial— motorcycle-truck accident—driver not found— insurance company intervention—motion to continue denied**

The trial court did not abuse its discretion by denying a motion to continue a negligence action arising from an motorcycle accident where the owner of the tractor-trailer and its driver could not be found but their insurance company intervened.

**3. Negligence— request for independent medical exam—not timely**

The trial court did not abuse its discretion in a negligence action arising from a motorcycle accident by denying the insurance company's motion for an independent medical examination of plaintiff under Rule 35 where the court found that an exam at that point would be untimely.

**4. Appeal and Error— preservation of issues—motion in limine—failure to object when questions asked**

Defendant in a negligence action arising from a motorcycle accident did not preserve for appeal the issue of whether the court erred by allowing testimony from an insurance company representative despite a motion in limine where defendant-insurance company objected when the witness was called but not when any of the questions were asked.

Appeal by defendants and plaintiff from judgment dated 20 October 1999 by Judge L. Oliver Noble, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 21 February 2001.

*Anderson & Associates, P.C., by John J. Korzen; W. Newton Moore; and Long, Parker, Warren & Jones, P.A., by Steve Warren, for plaintiff-appellee.*

*Dennis, Corry & Porter, L.L.P., by Christopher D. Pixley, for defendants-appellants.*

WALKER, Judge.

On 6 July 1996, a motor vehicle accident occurred in Buncombe County, North Carolina involving Joseph Oliver Morin (plaintiff), David Charles Sharp (defendant Sharp) and U.S. Transport (defendant Transport). Plaintiff was riding a motorcycle on Interstate 40 when he was struck by a spare tire weighing approximately one hundred to one hundred and fifty pounds. The tire had rolled off a

tractor-trailer owned by defendant Transport and driven by its employee, defendant Sharp. Upon being struck by the tire, plaintiff remained on his motorcycle which flipped in the air three times. Plaintiff then slid under the motorcycle and across the road for over one hundred feet, sustaining severe injuries to his teeth, back, shoulder, hip and legs, which required multiple surgeries and left him with permanent disabilities.

Plaintiff filed suit on 3 March 1998 alleging negligence and seeking damages from defendants Sharp and Transport. When defendants Sharp and Transport failed to answer or otherwise plead to the complaint, plaintiff obtained an entry of default.

Defendant Transport's liability insurance carrier, Legion Insurance Company (defendant Legion), received notice of the lawsuit on 15 February 1999, after entry of default. After defendant Legion retained attorney William Morris (Morris) to represent defendants Sharp and Transport, he moved to set aside the entry of default.

Thereafter, plaintiff and defendant Legion consented to the setting aside of the entry of default which was done by order on 14 April 1999. At that time, Morris advised plaintiff's counsel that he represented "both the insured and the insurance carrier." The case was peremptorily set for trial beginning on 11 October 1999.

On 6 May 1999, Morris filed an answer on behalf of defendants Sharp and Transport and denied liability. Plaintiff initiated discovery which was sent to Morris in August 1999; however, Morris responded that he was unable to locate defendants. Plaintiff then filed a motion asking that the trial court allow defendant Legion to intervene. The trial court ordered that "any insurance carrier which so desires to intervene and assert any interest it may have in connection with the matters . . . alleged in [p]laintiff's [c]omplaint . . ." could intervene. Defendant Legion filed its own motion to intervene as an additional party defendant which was allowed.

At the conclusion of the trial on 20 October 1999, the jury returned a verdict in favor of plaintiff in the amount of $1,035,167.50. Defendant Legion filed a motion for a new trial, which was denied on 16 November 1999. Defendants Sharp and Legion (defendants) appealed. Defendant Transport is not a party to this appeal.

We first address plaintiff's motion to dismiss the appeal. Plaintiff asserts that this Court is without jurisdiction to hear defendants'

appeal because their notice of appeal fails to designate the orders which address all issues from which defendants appeal. After careful consideration, we deny the motion.

**[1]** In their first assignment of error, defendants contend the trial court committed reversible error by granting plaintiff's motion to allow intervention because the order prejudicially forced defendant Legion to intervene as a party defendant.

One month before trial, Morris filed a motion to continue the case on the basis that he had been unable to locate defendants Sharp and Transport. In discovery responses filed previously, Morris had stated he was unable to locate defendants Sharp and Transport.

Plaintiff states that the motion to allow intervention by defendant Legion was filed because of his concern that an attorney-client relationship had not been formed between Morris and defendants Sharp and Transport and that any judgment against them would be improper because Morris had no authority to represent them.

At trial, defendant Legion filed its own motion to intervene, stating it was being forced to intervene in order to avoid a default judgment against its insured. Furthermore, the motion stated such intervention would prejudice defendant Legion, as issues of insurance coverage and the availability of insurance would be improperly raised during the trial.

Our Supreme Court in the recent decision of *Dunkley v. Shoemate*, 350 N.C. 573, 515 S.E.2d 442 (1999), held "that a law firm or attorney may not represent a client without the client's permission to do so[.]" *Id.* at 578, 515 S.E.2d at 445. *Dunkley* likewise involved an attorney employed by an insurance carrier who attempted to contact the insured without success and therefore was not authorized to appear on his behalf and defend the lawsuit. *Id.* at 575, 515 S.E.2d at 443. The Supreme Court affirmed this Court's ruling that no attorney-client relationship existed between defendant and the attorney seeking to represent him. *Id.* at 578, 515 S.E.2d at 445. However, the Court noted "Rule 24 of the North Carolina Rules of Civil Procedure provides a means by which an interested party, under certain circumstances, may intervene in a pending lawsuit . . . to protect its interests . . . ." *Id.*

In the instant case, the trial court properly granted plaintiff and defendant Legion's motions to allow defendant Legion to intervene as a party defendant to protect its interests as articulated in *Dunkley*.

After reviewing the record, we fail to see how defendant Legion was forced to intervene or was prejudiced by this intervention. This assignment of error is overruled.

**[2]** In their second assignment of error, defendants contend the trial court committed reversible error by denying defendant Legion's motion to continue because such denial caused irreversible prejudice to defendants.

The standard of review for denial of a motion to continue is generally whether the trial court abused its discretion. *Wachovia Bank & Tr. Co. v. Templeton Olds.-Cadillac-Pontiac*, 109 N.C. App. 352, 356, 427 S.E.2d 629, 631 (1993). "The chief consideration to be weighed in passing upon the application is whether the grant or denial of a continuance will be in furtherance of substantial justice." *Id.* The moving party has the burden of proof of showing sufficient grounds to justify a continuance. *Shankle v. Shankle*, 289 N.C. 473, 482, 223 S.E.2d 380, 386 (1976). Defendants rely on *Smith v. Bryant*, 264 N.C. 208, 141 S.E.2d 303 (1965) and *Shankle*, 289 N.C. at 483, 223 S.E.2d at 386, where in each case our Supreme Court held the trial court's denial of a motion to continue was improper. In *Smith*, the trial court permitted the withdrawal of defendant's counsel one day before trial began. *Smith*, 264 N.C. at 211-12, 141 S.E.2d at 306. In *Shankle*, defense counsel withdrew from the case without prior notice to the defendants who had to proceed to trial without an attorney. *Shankle*, 289 N.C. at 486, 223 S.E.2d at 388. The Supreme Court ordered a new trial in each case. Defendants contend a new trial should likewise be ordered in this case because defendants Sharp and Transport were not represented by counsel and intervention by defendant Legion was mandated for an improper purpose, all of which "resulted in an extraordinary and excessive verdict." However, the facts in the instant case are distinguishable from the facts in *Smith* and *Shankle*. *Smith*, 264 N.C. 208, 141 S.E.2d 303; and *Shankle*, 289 N.C. 473, 223 S.E.2d 380. Defendants have the burden of proving sufficient grounds for a continuance. *Id.* We find nothing in the record to support an abuse of discretion by the trial court in deciding not to continue the case.

**[3]** In their third assignment of error, defendants contend the trial court committed reversible error and abused its discretion by denying defendant Legion's motion for an independent medical examination of plaintiff for the following reasons: (1) plaintiff's medical condition was in controversy; (2) the motion was timely filed within the discovery period and seventeen days before trial, providing plain-

MORIN v. SHARP

[144 N.C. App. 369 (2001)]

tiff ample time to comply; (3) the denial was arbitrary and unreasoned; and (4) the denial prejudiced defendants by causing them to be inadequately prepared for the cross-examination of plaintiff and his expert witness.

Rule 35 of our Rules of Civil Procedure provides in part that when the physical condition of a party is in controversy, the trial court may order the party to submit to a physical examination by a physician, but only for good cause shown and upon notice to all parties, including notice to the person to be examined. N.C. R. Civ. P. 35 (1999). In addition, the request shall specify the time, place, manner, conditions, and scope of the examination and the person by whom it is to be made. *Id.* A trial court's order regarding matters of discovery are generally reviewed under an abuse of discretion standard. *Williams v. State Farm Mut. Auto. Ins. Co.*, 67 N.C. App. 271, 273, 312 S.E.2d 905, 907 (1984).

Regarding the timeliness of the motion, plaintiff points out the motion was filed seventeen days before the trial began and was not calendered and heard until the week before trial. Plaintiff further asserts the trial court correctly denied the motion for the following reasons: (1) defendants never challenged the qualifications or findings of any of plaintiff's physicians whose depositions and reports were presented at trial; (2) defendants failed to offer a reason for delaying their request for the examination; (3) defendants failed to specify the "manner, conditions and scope" of the examination; and (4) compliance with the request would have inconvenienced plaintiff, who would have had to travel two and one-half hours each way for the examination.

After considering defendant Legion's motion and arguments of counsel, the trial court found "at this late date said independent medical exam is untimely[.]" We conclude the trial court did not abuse its discretion in denying defendants' motion for a medical examination.

[4] In their last assignment of error, defendants contend the trial court committed reversible error by allowing plaintiff to elicit testimony on cross-examination from defendant Legion's representative, Larry Von Eschen (Von Eschen), in violation of defendant Legion's motion in limine which had been orally granted by the trial court. The motion in limine precluded plaintiff from:

> eliciting testimony, through deposition or at trial, of Legion representatives until after a period of time sufficient to allow Legion,

**MORIN v. SHARP**

[144 N.C. App. 369 (2001)]

as a newly intervening party, a fair and adequate opportunity to prepare for trial. Legion also moves this [c]ourt for an [o]rder in [l]imine precluding the [p]laintiff in this action from introducing new claims not raised in the complaint or agreed to in the pre-trial order.

Defendants contend this motion was violated because plaintiff's counsel only questioned Von Eschen about the method by which defendant Legion processed claims and handled lawsuits and did not ask of him any questions regarding this accident. Defendants assert plaintiff's strategy in asking these questions was to demonstrate that defendant Legion had acted improperly by not fairly and diligently investigating plaintiff's claim. Defendants further contend this line of questioning was irrelevant and improperly influenced the jury, resulting in prejudicial error which prevented defendants from receiving a fair trial.

A review of the record reveals that when plaintiff called Von Eschen to testify, defendant Legion objected, which was overruled. However, defendant Legion failed to object to any of plaintiff's questions to Von Eschen. Our Supreme Court and this Court have held that even though a motion in limine is granted, appropriate objections must be made at trial to preserve the question of admissibility of the evidence on appeal. *See State v. Hayes*, 350 N.C. 79, 511 S.E.2d 302 (1999) (holding defendant failed to preserve for appeal the question of admissibility of evidence that was the subject of the motion in limine where defendant failed to object to evidence when offered at trial); *Nunnery v. Baucom*, 135 N.C. App. 586, 521 S.E.2d 479 (1999) (holding motion in limine is insufficient to preserve question of admissibility of evidence if movant fails to further object when it is offered); and *Martin v. Benson*, 348 N.C. 684, 500 S.E.2d 664 (1998) (holding plaintiffs waived their right to appellate review of the admission of an expert's testimony by failing to object to it at trial). Since defendants failed to object at trial and preserve the issue for appeal, this assignment of error is overruled.

In summary, defendants received a fair trial free of prejudicial error.

No error.

Judges BIGGS and SMITH concur.