ORIX FINANCIAL SERVICES, INC., FORMERLY KNOWN AS ORIX CREDIT ALLIANCE, INC., PLAINTIFF v. RASPBERRY LOGGING, INC., STEPHANIE McCRANEY, N/K/A STEPHANIE KNOCKETT, DEFENDANTS

No. COA07-1051

(Filed 20 May 2008)

**1. Judgments— foreign judgment—enforcement—absence of personal jurisdiction—failure to assign error to conclusion**

The trial court did not err by denying plaintiff's motion to enforce a foreign judgment against the individual defendant on the ground that the New York court rendering the judgment against her did not have personal jurisdiction over her where plaintiff did not assign error to the trial court's conclusion that the New York court did not have personal jurisdiction over defendant and thus waived the right to challenge this conclusion.

**2. Appeal and Error— preservation of issues—parol evidence— failure to contest personal jurisdiction determination**

Although plaintiff contends the trial court erred in a breach of contract case by considering parol evidence at the time the pertinent guaranty agreement was executed, this argument is dismissed because: (1) plaintiff did not contest the trial court's conclusion that the New York court rendering judgment against defendant did not have personal jurisdiction over her; and (2) without personal jurisdiction over defendant, the New York judg-

ment will not be enforced and thus the actual terms of the contract are irrelevant.

**3. Appeal and Error— preservation of issues—minimum contacts—failure to contest personal jurisdiction determination**

Although plaintiff contends the trial court erred by concluding that defendant individual did not consent to jurisdiction in New York nor did she have minimum contacts with New York, this argument is dismissed because plaintiff did not contest the trial court's conclusion that the New York court rendering judgment against defendant did not have personal jurisdiction over her.

Appeal by plaintiff from order entered 9 April 2007 by Judge John E. Nobles in Superior Court, Craven County. Heard in the Court of Appeals 21 February 2008.

*Smith Debnam Narron Wyche Saintsing & Myers, L.L.P. by Adam M. Gottsegen, for plaintiff-appellant.*

*Chesnutt, Clemmons & Peacock, P.A. by Gary H. Clemmons, for defendant-appellee.*

STROUD, Judge.

Plaintiff filed a "Motion to Enforce Foreign Judgment" in North Carolina based upon a judgment rendered in the United States District Court for the Southern District of New York. The trial court denied plaintiff's motion and dismissed the case with prejudice. Plaintiff appeals. The issues before this Court are whether the trial court erred in (1) denying plaintiff's motion to enforce the foreign judgment, (2) considering parol evidence, and (3) concluding that defendant Stephanie Knockett did not consent to jurisdiction in New York nor did she have minimum contacts with New York. For the following reasons, we affirm.

I. Background

The trial court made extensive findings of fact, only three of which were assigned as error by plaintiff, on the basis that these three findings of fact, numbers 6, 29, and 32, were based upon parol evidence which should not have been considered. Based upon its findings of fact the trial court concluded as law, *inter alia*, that "Knockett has successfully rebutted the presumption that the

North Carolina Courts should grant full faith and credit to the New York Judgment. The United States District Court for the Southern District of New York did not have *in personam* jurisdiction over Knockett."

Based upon its findings of fact and conclusions of law, the trial court denied plaintiff's "Motion for Enforcement of the Foreign Judgment" and dismissed the action with prejudice. Plaintiff appeals. The issues before this Court are whether the trial court erred in (1) denying plaintiff's motion to enforce the foreign judgment, (2) considering parol evidence, and (3) concluding that defendant Knockett did not consent to jurisdiction in New York nor did she have minimum contacts with New York.

## II. Motion to Enforce Judgment

[1] Plaintiff first contends "the trial court erred in denying plaintiff's motion to enforce its foreign judgment when defendant Knockett signed a guaranty agreement with a conspicuous consent to jurisdiction or forum selection clause." For the following reasons, we disagree.

"The judgment debtor may file a motion for relief from, or notice of defense to, the foreign judgment on . . . any . . . ground for which relief from a judgment of this State would be allowed." N.C. Gen. Stat. § 1C-1705(a) (2005).

> If a motion for enforcement is filed, a hearing will be held and the trial court will determine if the foreign judgment is entitled to full faith and credit. The burden of proof on the issue of full faith and credit is on the judgment creditor, and the hearing will be conducted in accordance with the Rules of Civil Procedure. The introduction into evidence of a copy of the foreign judgment, authenticated pursuant to Rule 44 of the Rules of Civil Procedure, establishes a presumption that the judgment is entitled to full faith and credit. This presumption can be rebutted by the judgment debtor upon a showing that the rendering court did not have subject matter jurisdiction, *did not have jurisdiction over the parties*, that the judgment was obtained by fraud or collusion, that the defendant did not have notice of the proceedings, or that the claim on which the judgment is based is contrary to the public policies of North Carolina.

*Lust v. Fountain of Life, Inc.*, 110 N.C. App. 298, 300-01, 429 S.E.2d 435, 437 (1993) (internal citations and internal quotation marks omit-

ted) (emphasis added); *see Southern Athletic/Bike v. House of Sports, Inc.*, 53 N.C. App. 804, 805, 281 S.E.2d 698, 699 (1981) (concluding that a judgment that lacks personal jurisdiction over the defendant is void); *cert. denied*, 304 N.C. 729, 288 S.E.2d 381 (1982).

"The appellant must assign error to each conclusion it believes is not supported by the evidence. N.C.R. App. P. 10. Failure to do so constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts." *Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 112, 516 S.E.2d 647, 649 (1999).

The trial court concluded as law that "Knockett has successfully rebutted the presumption that the North Carolina Courts should grant full faith and credit to the New York Judgment. The United States District Court for the Southern District of New York did not have *in personam* jurisdiction over Knockett." As plaintiff did not assign error to this conclusion of law, plaintiff has waived the right to challenge this conclusion. *See id.* Therefore, we conclude that the trial court did not err in denying plaintiff's motion to enforce the foreign judgment because the New York court rendering the judgment against Knockett did not have personal jurisdiction over her. *See Lust* at 300-01, 429 S.E.2d at 437; *see also Southern/Athletic Bike* at 805, 281 S.E.2d at 699.

### III. Parol Evidence

[2] Plaintiff next contends "the trial court erred by considering defendant Knockett's parol evidence at the time the guaranty agreement was executed." Plaintiff specifically contends that "[f]indings of fact numbers 6, 29, and 32 . . . contain the admission of oral evidence that contradicts the terms of the agreement."

However, we need not consider whether the trial court erred in considering evidence that may have contradicted the terms of the contract as the trial court found that the New York court rendering judgment against defendant Knockett did not have personal jurisdiction over her and plaintiff did not contest this conclusion, *see Fran's Pecans, Inc.* at 112, 516 S.E.2d at 649; without personal jurisdiction over defendant Knockett the New York judgment will not be enforced, and thus the actual terms of the contract are irrelevant. *See Lust* at 300-01, 429 S.E.2d at 437; *see also Southern/Athletic Bike* at 805, 281 S.E.2d at 699.

## IV. Consent and Minimum Contacts

**[3]** Plaintiff also argues that "the trial court erred by concluding that defendant Knockett did not consent to jurisdiction in the State of New York and that defendant Knockett did not have to defend an action there on the basis of minimum contacts[.]" This argument is based upon plaintiff's third assignment of error, to conclusion of law number 18. Plaintiff assigned error to this conclusion of law on the "grounds that it is not supported by competent evidence of record[.]" However, again, we will not review the trial court's conclusion on issues of consent and minimum contacts, as plaintiff did not assign error to the trial court's conclusion that the New York court rendering judgment against defendant Knockett did not have personal jurisdiction over her.

## V. Conclusion

As the trial court determined that the New York judgment was not enforceable against defendant Knockett because of a lack of personal jurisdiction over her, and plaintiff failed to challenge this conclusion of law, we affirm the trial court's decision to deny plaintiff's motion to enforce the foreign judgment.

AFFIRMED.

Judges TYSON and GEER concur.