IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-549

Filed: 18 April 2017

Durham County, No. 15 CVS 2332

LEE K. TERRY AND KRISTEN TERRY, INDIVIDUALLY AND AS PARENTS AND GENERAL GUARDIANS FOR KARRYNE TERRY, A MINOR, Plaintiffs,

v.

THE CHEESECAKE FACTORY RESTAURANTS, INC., Defendant.

Appeal by plaintiffs from order entered 2 March 2016 by Judge Henry W. Hight, Jr. in Superior Court, Durham County. Heard in the Court of Appeals 3 November 2016.

> *Law Offices of Thomas F. Loflin III, by Thomas F. Loflin III, for plaintiff-appellants.*

> *Hedrick Gardner Kincheloe & Garofalo, LLP, by M. Duane Jones and Kristie Hedrick Farwell, for defendant-appellee.*

STROUD, Judge.

Plaintiffs appeal an order transferring venue of their negligence claim from Durham County to Wake County. Because the pleadings and discovery show that defendant maintains a place of business in Durham County, Durham County was *a* proper venue under North Carolina General Statute § 1-83, and the trial court erred by transferring venue as a matter of right. Therefore, we reverse and remand.

I.       Background

In March of 2015, plaintiffs filed a complaint in Superior Court, Durham County seeking damages for negligent injury to their minor daughter. The complaint alleged that the plaintiffs "are citizens and residents of North Carolina" but did not mention their county of residence. The complaint alleged that defendant was incorporated in California but is "engaged in commerce within the state of North Carolina under a Certificate of Authority from the Department of the Secretary of State of North Carolina" and "does business with the general public in Durham County, North Carolina, as well as other counties" in North Carolina.

Plaintiffs alleged they ordered "a one-half regular cheesecake and a one-half ultimate red velvet cheesecake" for their daughter's birthday from defendant's restaurant at Crabtree Valley Mall; plaintiff Kristen Terry specifically informed defendant her daughter had a "severe allergy to nuts." Plaintiffs further alleged that the type of cheesecake plaintiff Kristen ordered did not contain nuts, but defendant's employee mistakenly gave plaintiff Kristen "a one-half low carb cheesecake instead of a one-half regular cheesecake[;]" and though the two cheesecakes looked the same, the low carb cheesecake contained nuts. Plaintiffs alleged their daughter became violently ill due to her exposure to nuts and required hospitalization after eating cheesecake from defendant, The Cheesecake Factory Restaurants, Inc. ("Cheesecake Factory").

In April of 2015, defendant filed a motion to dismiss pursuant to Rule 12(b)(3) alleging that Durham County was not a proper venue and thus the complaint should be dismissed or, in the alternative, the case should be transferred to Wake County. Defendant's motion alleged that the plaintiffs' "last known address" was in Cary, North Carolina, and that defendant's registered office is in Wake County, North Carolina.[1]   On 2 March 2016, after a hearing on the matter, the trial court denied the motion to dismiss and allowed the request to transfer the case to Wake County. Plaintiffs appeal.

## II.    Venue

Plaintiffs' only argument on appeal is that "the trial court committed reversible error in granting the defendant's motion to change venue to Wake County pursuant to N.C.R.Civ.P 12(b)(3)."  (Original in all caps.)  Though plaintiffs appeal from an interlocutory order, because the trial court found plaintiffs filed their complaint in an improper venue, this affects a substantial right which we will consider.  *See Snow v. Yates*, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768 (1990) ("When a defendant asserts improper venue in a timely writing, the question of removal is a matter of substantial right, and the court of original venue must consider and determine the motion before it takes any other action. An appeal of an order disposing of such a motion is interlocutory because it does not dispose of the case.  However, grant or denial of a

---

[1] Defendants argue that plaintiffs' residence is in Wake County, although our record does not say.  Plaintiffs' brief acknowledges, "it is true that Plaintiffs reside in Wake County[.]"

motion asserting a statutory right to venue affects a substantial right and is immediately appealable." (citations and quotation marks omitted)).

According to N.C. Gen. Stat. § 1–82, a civil action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement. As a practical matter, the plaintiff generally gets to make an initial choice as to the venue in which a particular civil action should be litigated. However, a number of statutory provisions authorize efforts to seek a change of venue. First, according to N.C. Gen. Stat. § 1–83:

> If the county designated is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court. The court may change the place of trial in the following cases:
> (1) When the county designated for that purpose is not the proper one.
> (2) When the convenience of witnesses and the ends of justice would be promoted by the change.
> (3) When the judge has, at any time, been interested as party or counsel.

N.C. Gen. Stat. § 1–83. A motion challenging an improper venue or division should be asserted pursuant to N.C. Gen. Stat. § 1A–1, Rule 12(b)(3) and must be advanced within the time limits specified in N.C. Gen. Stat. § 1A–1, Rule 12. It is well settled that a court's decision upon a motion for a change of venue pursuant to G.S. 1–83(2) will not be disturbed absent a showing of a manifest abuse of discretion. However, when the venue where the action was filed is not the proper one, and N.C. Gen. Stat. § 1–83(1) is applicable, the trial court does not have discretion, but must upon a timely motion and upon appropriate findings transfer the case to the proper venue.

- 4 -

*Carolina Forest Ass'n, Inc. v. White*, 198 N.C. App. 1, 9–10, 678 S.E.2d 725, 731–32 (2009) (citations, quotation marks, ellipses, and brackets omitted).

Defendant's motion to dismiss for improper venue was based only upon North Carolina Rule of Civil Procedure 12(b)(3) and sought dismissal or transfer to Wake County solely based upon the residence of the parties. North Carolina General Statute § 1-83 states four bases for a change of venue, two of which are plainly not applicable here as there are no allegations the judge has "been interested as a party or counsel" nor is the action "for divorce[.]" N.C. Gen. Stat. § 1-83(3-4) (2015). Defendant did not allege or argue any grounds for a discretionary change of venue such as "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." N.C. Gen. Stat. § 1-83(2) (2015); *Carolina Forest Ass'n*, 198 N.C. App. at 10; 678 S.E.2d at 732. So although the trial court's order did not state a particular reason for the change of venue, the only ground in the motion before the trial court was that none of the parties were residents of Durham County; this is most appropriately characterized as an argument based on North Carolina General Statute § 1-83(1) because defendant was essentially contending "the county designated . . . is not the proper one" due to no party being a resident as is required pursuant to North Carolina General Statute § 1-82. N.C. Gen. Stat. §§ 1-82; 1-83(1) (2015); *Carolina Forest Ass'n*, 198 N.C. App. at 10; 678 S.E.2d at 732. "A determination of venue under N.C. Gen. Stat. § 1–83(1) is . . . a question of law that

we review de novo." *Stern v. Cinoman*, 221 N.C. App. 231, 232, 728 S.E.2d 373, 374 (2012).

Plaintiffs' initial brief argued that defendant is a foreign corporation because it was formed in California, and thus plaintiffs based their argument on North Carolina General Statute § 1-80, entitled "foreign corporations[,]" and case law regarding foreign corporations. *See generally* N.C. Gen. Stat. § 1-80 (2015). But since defendant maintains a registered office in North Carolina and has a certificate of authority from the Secretary of State, defendant is actually a domestic corporation. *See* N.C. Gen. Stat. § 1-79(b) (2015) ("[T]he term 'domestic' when applied to an entity means: (1) An entity formed under the laws of this State, or (2) An entity that (i) is formed under the laws of any jurisdiction other than this State, and (ii) maintains a registered office in this State pursuant to a certificate of authority from the Secretary of State.")

Defendant argues that "'[w]hen reviewing a decision on a motion to transfer venue, the reviewing court must look to the allegations of the plaintiff's complaint.' *Ford v. Paddock*, 196 N.C. App. 133, 135, 674 S.E.2d 689, 691 (2009)." Defendant's brief at least implies that we may look no further than the complaint, which is incorrect since both this Court and the trial court may consider other verified parts of the record. *See Construction Co. v. McDaniel*, 40 N.C. App. 605, 608, 253 S.E.2d 359, 361 (1979) ("We find that the rule which has been long followed in this

jurisdiction still prevails and that the trial court in ruling upon a motion for change of venue is entirely free to either believe or disbelieve affidavits such as those filed by the defendants without regard to whether they have been controverted by evidence introduced by the opposing party."); *see also Kiker v. Winfield*, 234 N.C. App. 363, 365, 759 S.E.2d 372, 373-74 (2014) (considering plaintiff's verified answers to defendant's interrogatories in determining proper venue), *aff'd per curiam*, 368 N.C. 33, 769 S.E.2d 837 (2015).  But since most of defendant's arguments are based upon the complaint, we first turn there.

Defendant argues that the complaint does not identify plaintiffs' county of residence, which is true, although defendant asks us to assume that plaintiffs reside in Wake County and plaintiffs' brief admits as much.  Defendant also argues that "the Complaint specifically states an actual place of business in Wake County, the restaurant where the alleged tort occurred – Defendant's restaurant at Crabtree Valley Mall."  But the complaint actually mentions only the restaurant in Crabtree Valley Mall; it does *not* identify the county of the restaurant or Crabtree Valley Mall. Defendant's brief seems to assume that the court is aware of the location of Crabtree Valley Mall, and indeed we are.

In fact, we will take judicial notice that Crabtree Valley Mall is in Wake County and further that the Cheesecake Factory was operating in Crabtree Valley Mall as of the date of commencement of the action.  *See* N.C. Gen. Stat. § 8C–1, Rule 201 (2015)

("(b) Kinds of facts. — A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. (c) When discretionary. — A court may take judicial notice, whether requested or not."). What defendant's brief fails to mention is the fact that there is also a Cheesecake Factory restaurant in Durham County, but we need not take judicial notice of that particular location, since defendant responded to plaintiffs' request for admissions and admitted that "[t]he Cheesecake Factory Restaurants, Inc. conducts business activities in Durham County, North Carolina at 8030 Renaissance Parkway, Suite 950, and has done so since March 1, 2012."[2] Thus, the answers to the request for admissions establish that defendant was conducting business activities in Durham County at a specific address.

Plaintiffs contend in their reply brief that even if defendant is a domestic corporation, venue is proper in Durham County pursuant to North Carolina General Statute § 1-79 which provides that a domestic corporation is deemed to reside and thus may be sued: "(1) Where the registered or principal office of the corporation, limited partnership, limited liability company, or registered limited liability partnership is located, or (2) Where the corporation, limited partnership, limited liability company, or registered limited liability partnership maintains a place of

___

[2] We will take judicial notice that this is the street address of the Streets at Southpoint. *See* N.C. Gen. Stat. § 8C–1, Rule 201.

business[.]" N.C. Gen. Stat. § 1-79(b). Plaintiffs argue that because defendant "maintains a place of business" in Durham County, it is a proper venue. *Id.* It is clear from defendant's answers to the request for admissions that defendant "conducts business activities in Durham County" and that defendant "owns some equipment, fixtures and furnishings located in Durham County[;]" thus, defendant "[m]aintain[s] a place of business" in Durham County. *Id.* As defendant maintains a place of business in Durham County, Durham County was *a* proper venue for plaintiffs' lawsuit, *see id.*, and thus the trial court erred in changing venue as a matter of right. *See id.*; *see also* N.C. Gen. Stat. § 1-83(1).

### III. Conclusion

For the foregoing reasons, we reverse and remand.

REVERSED AND REMANDED.

Judges McCULLOUGH and ZACHARY concur.